By the Court. Masten, J.
The sufficiency of the verification turns upon the question whether a pleading-can be verified under the Code by the party in interest, by the person for whose immediate benefit the action is pros-, ecuted or defended, and who is not a party on the record, or whether it can be verified only by the party to the record.
The terms “party,” “party to the action,” and “party in interest,” were, at the time the Code was enacted, in common use among the people and lawyers ; the .word “party” being applied as well to the party in interest not named on the record, as to the party named on the record.
The Code in several places uses the the terms “the party,” “the party to the action,” and “the person for whose immediate benefit the action is prosecuted or defended.”
In Wells v. Reid we held that the word “party,” in sections 395 and 397 of the Code, embraced the party for whose immediate benefit the action was prosecuted or defended, though not named on the record.
I think the words “the party,” in section 157 of the Code, embrace the party in interest, or person for whose immediate benefit the action is prosecuted or defended, though not named on the record (Henry v. Bank of Salina, 5 Hill, 523 ; Stevens v. White, 5 Id., 548 ; 1 Barb., 229).
I think the opposite construction would be harsh and illiberal, and tend to defeat the ends of justice.
If, after summons served and before complaint, the plaintiff should assign the subject-matter of the action, the assignee could not compel his assignor to verify the complaint, and it would be a rigid and illiberal construction of the word “party,” in the section providing for the verification of pleadings, to hold that the assignee—the *150 party in interest—the person who was in fact prosecuting the action, under the provisions of the Code (section 121), for his own immediate benefit, could not, stating the' fact, verify the complaint.
So, too, if the defendant on the record had the covenant of warrantee, or of indemnity of a person not named on the record, which gave him the right to throw the burden of the defense on such covenantor, and he should do so, the covenantor could not compel the defendant on the record to verify the answer as to matters alleged in it, in respect to which the defendant on the record had no belief, or in respect to which he entertained a belief adverse to his covenantor, even though such belief was erroneous. The verification is that the affiant Tcnoios or is informed and believes the matter alleged to be true.
And if in such case the covenantor—the person upon whom the burden and consequences of the defense rest, cannot verify the answer, the ends of justice might be defeated.
Take for another example the case before us.
The Code allows the plaintiff to verify his complaint or not at his election. The object of. the Code in requiring the answer to be verified when the complaint is verified, is to prevent false answers, and the delay consequent upon them. That object will certainly be better secured when the verification is by one who knows the facts than it would be when made by one who deposes from information and belief only. From what has been said, it is apparent that in certain classes of cases the party in interest could verify the answer upon knowledge, while the party to the record could do so only upon information and belief.
It was said that the answer stricken out did not set up a defense.
I do not think that question is before us, for the an- ■ swer was stricken out on the sole ground that it was not peroperly verified. '''
But I think the answer set up a defense (Blevin v. *151 Hudson River R. R. Co., 36 N. Y., 403 ; Rogers v. Weir, 34 N. Y, 464).
The order should be reversed.
Yerplaeck, J., concurred.
Clietoe, J., dissented.
Order reversed.